IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MILLER, #0866293 | § | |
| VS. | § | CIVIL ACTION NO. 6:19cv441 |
| BRIAN COLLIER, ET. AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Miller, a prisoner formerly confined at the Hodge Unit within the Texas Department of Criminal Justice (TDCJ) proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Miller is well known for abuse of court and has at least three strikes. Under 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* unless he was under imminent danger of serious physical injury at the time he filed the lawsuit. As a result, after examining Miller's complaint, the undersigned ordered a *Martinez* Report in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) and *Parker v. Carpenter*, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992). The Office of the Attorney General, as *amicus curiae*, filed the *Martinez* Report, (Dkt. #12). The order for the Report provided that Miller had fourteen days from receipt in which to file a response.

The Court notes that Miller has not communicated with the Court since the undersigned's order for the *Martinez* Report. Furthermore, TDCJ records denote that Miller was released from imprisonment on July 26, 2021; however, Miller has neither filed a notice of a change of address nor communicated with the Court.

1

A Plaintiff has an ongoing obligation and responsibility to inform the Court of his whereabouts through a current mailing address. This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."

On the second page of Plaintiff's complaint, (Dkt. #1), under "instructions," Miller was informed that it is his responsibility "to inform the court of any change of address and its effective date" and that the "failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal" of his complaint. At the bottom of the complaint, to which Miller signed under penalty of perjury, it states "I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and the failure to do so may result in the dismissal of this lawsuit." Nonetheless, despite warnings in the complaint and this Court's local rules, Miller has not supplied the Court with a notice of a change of address.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."). The district court has both specific and inherent power to control its own docket "to control the disposition of the causes on its docket with economy of time." *See U.S. v Colomb*, 419 F.3d 292, 299 (5th Cir. 2005); *see also Miller v. Thaler*, 434 F. App'x 420, 421 (5th Cir. 2011) (unpublished).

Here, Miller failed to file a notice of a change of address—which is required. *See Martinez-Reyes v. United States*, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016) (explaining that, generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in

2

such a way that will bring attention of the court to address change.") (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). Here, Miller's failure to submit an updated mailing address and to communicate with the Court evince his failure to prosecute his own case. *See, e.g.*, *Callier v. Cain*, 2012 WL 2602958, at *1 n.1 (W.D. La. June 6, 2012) ("Indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago.").

Miller's failure to prosecute this case is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this case without prejudice. In accordance with *Campbell v. Wilkinson*, the Court further recommends suspending the statute of limitations in this case for a period of 60 days from date of final judgment. 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.'").

<u>RECOMMENDATION</u>

Accordingly, it is recommended that the above-styled action be dismissed, without prejudice, for Plaintiff's failure to prosecute his case. The Court further recommends that the statute of limitations be suspended in this case for a total of 60 days upon issuance of the final judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

3

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 23rd day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE